(Not for publication) (Docket Entry No. 5 )

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
## CAMDEN VICINAGE

| | | |
|---|---|---|
| JAMES E. BLEVINS, | : | |
| Plaintiff, | : | Civil No. 05-5261 (RBK) |
| v. | : | **OPINION** |
| SEW EURODRIVE, INC., | : | |
| Defendant. | : | |

**KUGLER**, United States District Judge:

Presently before the Court is Defendant SEW Eurodrive, Inc.'s ("SEW's") motion to dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons that follow, the Court will grant in part and deny in part SEW's motion.

**I. BACKGROUND**

Plaintiff James Blevins is a former employee of Defendant SEW. SEW is a manufacturer and distributor of industrial gear drives. (Def. Mem. at 1.) Beginning on July 2, 2001, Blevins worked as an Accounts Payable Clerk in SEW's Bridgeport, New Jersey assembly center. (Def. Mem. at 1.) At the time of the alleged incidents in the Complaint, Blevins reported to Administrative Manager, Bernadette Jones. (Def. Mem. at 1.)

Blevins complains that on October 13, 2004, Bernadette Jones physically assaulted him as he attempted to leave her office at Defendant's Bridgeport location. (Compl. ¶ 1.) Blevins allegedly reported the incident to the senior manager on site and also filed a criminal complaint

with the Logan Township Police. (Compl. ¶ 1.) Blevins contends that the site manager, Michael Zlockie, did not initially believe that Blevins had notified the police of the alleged assault. (Compl. ¶ 1.) However, after the police subsequently came to the job site to serve Ms. Jones with a summons, Mr. Zlockie terminated Blevins' employment purportedly because "he had no right to go to the police." (Compl. ¶ 1.) Blevins claims that the termination violated his Sixth Amendment rights and that the alleged physical assault constituted "harassment and offensive touching." (Compl. ¶¶ 1, 3.)

As a result, Blevins, proceeding pro se, filed a Complaint against SEW on October 4, 2005 in the Superior Court of New Jersey, Gloucester County. On November 4, 2005, SEW then removed the action to this Court on the basis of both diversity jurisdiction and federal question jurisdiction. Shortly thereafter, on November 22, 2005, SEW filed the current motion to dismiss the Complaint for failure to state a claim upon which relief can be granted.

## II. STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint or portions of a complaint may be dismissed for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). When reviewing a Rule 12(b)(6) motion to dismiss, the Court must accept as true all allegations in the complaint and must provide the plaintiff with the benefit of all inferences that may be fairly drawn from the contents of the complaint. Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993); Wilson v. Rackmill, 878 F.2d 772, 775 (3d Cir. 1989). The Court may not grant a Rule 12(b)(6) motion to dismiss unless it is certain that no set of facts can be proven that would entitle the plaintiff to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Milhouse v. Carlson, 652 F.2d 371, 373 (3d Cir. 1981).

Where the plaintiff is proceeding pro se, the plaintiff's complaint is subject to a less

stringent standard than more formal pleadings drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972).  However, even a pro se plaintiff, like Mr. Blevins, must still plead the essential elements of his claim and is not ordinarily excused from conforming to standard procedural rules. See McNeil v. United States, 508 U.S. 106, 113 (1993).

### III.  DISCUSSION

In the present motion to dismiss, Defendant SEW contends that Blevins' Complaint fails to state a claim upon which relief can be granted.  In particular, SEW argues that the allegations in the Complaint fail to state a claim under 42 U.S.C. § 1983 based upon an alleged violation of Plaintiff's Sixth Amendment rights.  Because there are no other clearly enumerated violations in the Complaint itself, SEW argues that the Complaint should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

In response, Blevins has filed three, untimely documents in opposition.  On December 12, 2005, Blevins filed his first "Brief in Opposition" to Defendant's motion to dismiss.  In that document, Blevins incorrectly suggests that it would be improper for the Court to allow Defendants to seek dismissal of the present action when (1) Defendants removed the case to federal court, and (2) Blevins had not yet filed his pre-trial memorandum. (See D.E. # 6.)  On January 20, 2006, Blevins filed his second "Brief in Opposition" to the present motion to dismiss.  In that brief, Blevins alleges that Defendant's conduct constitutes (1) a civil rights violation, presumably pursuant to Title VII, 42 U.S.C.§ 2000e, et seq.; (2) a violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621, et seq.; (3) a violation of the Conscientious Employee Protection Act, N.J. Stat. Ann. § 34:19-1, et seq.; and (4) other state laws against assault and battery. (See D.E. # 10.)  Finally, on January 24, 2006, Blevins filed a "Letter Brief in Opposition" to the instant motion to dismiss wherein he reiterated the argument that the Court

should deny the Defendant's motion to dismiss because it was filed before the Plaintiff could file a brief with this Court. (See D.E. # 11.)

In reply, SEW filed a letter brief disputing the allegations in Blevins' opposition papers regarding potential discrimination claims, CEPA claims, and assault or battery claims. (See D.E. # 13.)  Without first obtaining leave of the Court to file a sur-reply, Blevins then filed a letter brief in response to SEW's reply. (See D.E. #14.)  Blevins' sur-reply letter reiterates many of the allegations he previously made in his various opposition papers.  The Court will address the parties' arguments in turn.

### A.  Section 1983 and Sixth Amendment

Section § 1983 permits parties to pursue a cause of action for alleged deprivations of federally protected rights.  To state a claim under § 1983, a plaintiff must establish (1) that he was deprived of a right secured by the Constitution or laws of the United States, and (2) that the alleged deprivation was committed under color of state law. 42 U.S.C. § 1983; Harvey v. Plains Twp. Police Dep't, 421 F.3d 185, 189 (3d Cir. 2005) (citing West v. Atkins, 487 U.S. 42, 48 (1988)).

In the present case, Blevins contends that his termination constitutes a violation of his Sixth Amendment rights. (Compl. ¶ 1.)  The Sixth Amendment provides:

> In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed, which district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the Assistance of Counsel for his defence.

U.S. Const. amend. VI.  In the present matter, there is no pending criminal prosecution against

the Plaintiff, nor is there any allegation that Blevins was subject to any criminal prosecution by or at the request of the Defendant.  The Sixth Amendment is not applicable to civil proceedings such as the present one brought by Mr. Blevins. See Lahaza v. Azeff, 790 F. Supp. 88, 93 (E.D. Pa. 1992) (citing Hullom v. Burrows, 266 F.2d 547 (6th Cir. 1959)).  Therefore, because Blevins' claimed deprivation of his Sixth Amendment rights is wholly unsupported and inapplicable to the facts of this case, the Plaintiff's Complaint fails to establish the first requirement of a valid § 1983 claim based upon a Sixth Amendment violation.

     Moreover, Blevins' Complaint fails to make any showing that the alleged deprivation was caused by a person acting under color of state law.  Here, the Defendant is a private employer.  Actions by private entities qualify as "state action" only when the private actor (1) has engaged in the performance of a public function traditionally reserved for the state, or (2) has acted with the help of or in concert with state officials, or (3) has a symbiotic relationship with the State such that the State has "so far insinuated itself into a position of interdependence" with the private actor that it must be considered a joint participant in the challenged activity. See Mark v. Borough of Hatboro, 51 F.3d 1137, 1142 (3d Cir. 1995) (citations omitted).  In the present case, there is absolutely no allegation or argument to suggest that Defendant SEW engaged in any kind of state action.  Rather, Defendant SEW appears to be the kind of private employer with no association or special relationship with the state.  Thus, the Complaint fails to satisfy the second prong of a valid § 1983 claim because it does not allege any action taken under color of state law.

     Altogether, the Complaint fails to state a §1983 claim based upon an alleged deprivation of Blevins' Sixth Amendment rights.  Therefore, the Defendant's motion to dismiss is granted as to the Sixth Amendment claim.

**B. Title VII and ADEA**

In his opposition papers, Blevins argues that there are "strong under tones [sic] of racial discrimination, as well as age discrimination" surrounding his termination. (See D.E. #10, at 7.) Blevins specifically argues that his termination violated the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, et seq. He also suggests that his termination may have been due to his race or gender, thereby alluding to a claim under Title VII, 42 U.S.C. § 2000e, et seq. However, there is not a single allegation or fact in the Complaint that supports or refers to discrimination of any kind. The Complaint never mentions the Plaintiff's age or race, nor does it suggest in any way that his age, race, or gender played any role in his termination. Because the Complaint does not provide sufficient material facts to give the Defendant fair notice of any discrimination claims against it, any age or race discrimination claims are not properly before the Court in this matter. See Fed. R. Civ. P. 8(a)(2); Merkowitz v. Pottstown Mem. Med. Ctr., 154 F.3d 113, 124-25 (3d Cir. 1998) (noting that a complaint will only survive a 12(b)(6) motion if the material facts alleged, along with reasonable inferences from those allegations, provide a basis for recovery).

In addition, as SEW points out in its reply brief, there are prerequisites to filing a discrimination claim pursuant to Title VII or the ADEA. Specifically, any plaintiff filing a federal cause of action under Title VII or the ADEA must first file a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"). Owens v. Computer Sciences Corp., No. 97-6272, 1999 WL 43642, at *8 (D.N.J. Feb. 2, 1999) (citing Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 393 (1982)). In addition, a Title VII plaintiff must also receive a right-to-sue notice from the EEOC. McNasby v. Crown Cork & Seal Co., Inc., 888 F.2d 270, 282 (3d Cir. 1989). However, contrary to SEW's assertion, these requirements are not jurisdictional

prerequisites, but rather are more akin to a statute of limitations, which is subject to waiver, estoppel, and equitable tolling. See Hammer v. Cardio Med. Prod. Inc., 131 Fed. Appx. 829, 831 (3d. Cir. 2005) (citations omitted) ("It is well established, however, that a timely charge of discrimination with the EEOC is not a jurisdictional prerequisite to filing suit under Title VII or the ADEA."); Communications Workers of Am., AFL-CIO, et al., v. New Jersey Dep't of Personnel, 282 F.3d 213, 216-17 (3d Cir. 2002) (citing Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 393 (1982)) (noting that filing a charge with the EEOC and receiving an EEOC right to sue letter prior to filing suit are non-jurisdictional prerequisites akin to statutes of limitations in Title VII cases).

Nevertheless, in this case there not only is no mention of a Title VII or ADEA claim anywhere in the Complaint, but there also is no statement (1) that Plaintiff had previously filed age, race, and gender discrimination claims with the EEOC, or (2) that any equitable principles apply to excuse or toll that exhaustion requirement. As a result, the Court will not entertain the Plaintiff's ADEA and Title VII claims.

**C. CEPA**

Blevins opposition papers also allege that he is entitled to relief pursuant to New Jersey's Conscientious Employee Protection Act ("CEPA"), N.J. Stat. Ann. § 34:19-1, et seq. To establish a prima facie case under CEPA, an employee must demonstrate that (1) he reasonably believed that his employer's conduct was violating the law; (2) he performed "whistle-blowing" activity as defined in the statute; (3) an adverse employment action was taken against him; and (4) a causal connection exists between the whistle-blowing activity and the adverse employment action. Blackburn v. United Parcel Serv., Inc., 179 F.3d 81, 92 (3d Cir. 1999). Once the employee establishes a prima facie case, the burden shifts to the employer to provide a legitimate

reason for the termination. Id. (citing Woodson v. Scott Paper Co., 109 F.3d 913, 920 n.2 (3d Cir. 1997)). After the employer sets forth a legitimate reason, the employee must establish that the proffered reason is pretextual and that retaliation for whistle-blowing was the real reason for termination. Id.

In Blevins' opposition to the present motion to dismiss, he argues that he was fired in violation of CEPA for complaining to Mr. Zlockie about some accounting practices used by his department. (See D.E. #10, at 8-9.) However, nowhere in the Complaint does the Plaintiff make any factual allegations that he seeks relief as a whistleblower for complaining about accounting irregularities at SEW. As a result, that particular whistleblowing claim regarding accounting practices is not properly before the Court in this matter.

Nevertheless, although the Complaint does not specifically mention CEPA, the factual allegations made in it may potentially constitute a CEPA claim on other grounds. That is, the Complaint states that Plaintiff was physically assaulted by one of his managers on the job site. Then, after reporting the attack to the police, SEW allegedly terminated Blevins for going to the police to report the incident. In other words, if the Court is to construe the pro se Plaintiff's pleadings liberally, as it must, the factual allegations in the Complaint suggest that Blevins may have been terminated for reporting an unlawful physical attack to local law enforcement authorities. Arguably, reporting such an attack to the police may qualify as "whistle-blowing" activity. See N.J. Stat. Ann. § 34:19-3(a)(1) (noting that an employer shall not retaliate against an employee for disclosing to a public body a practice of the employer that is a violation of law); N.J. Stat. Ann. § 34:19-3(c) (noting that an employer shall not retaliate against an employee for objecting to a policy or practice which the employee reasonably believes to be a violation of law); N.J. Stat. Ann. § 34:19-2(c)(4) (defining "public body" for purposes of CEPA as including

"any federal, state, or local law enforcement agency, prosecutorial office, or police or peace officer"); see also DeLisa v. County of Bergen, 755 A.2d 578, 582 (N.J. 2000) ("CEPA's protection against employer retaliation extends to employees who communicate information either to employers or public bodies concerning co-employee misconduct encompassed by N.J.S.A. § 39:19-3.").

In these circumstances, the Court is not certain that there is "no set of facts that plaintiff can prove" to entitle him to relief under CEPA. See Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Milhouse v. Carlson, 652 F.2d 371, 373 (3d Cir. 1981). Therefore, without making any assessment as to Plaintiff's ultimate ability to present a valid CEPA claim or prevail on the merits, the Court will grant Plaintiff leave to amend his Complaint to state a CEPA claim based upon the allegedly retaliatory termination of Blevins for reporting a physical attack to the police.[1] This leave to amend is limited in scope to this particular CEPA claim, as the Court is granting the Defendant's motion to dismiss with prejudice any and all other claims in Plaintiff's Complaint. In addition, the leave to amend is granted without prejudice to Defendant's ability to file a new motion to dismiss the Amended Complaint, should the Defendant choose to do so.

**D. Assault and/or Battery**

Finally, the Plaintiff's Complaint alleges that his supervisor, Bernadette Jones, physically assaulted him on the job site as he attempted to exit her office. In his opposition to Defendant's motion to dismiss, Blevins explains that "Ms. Jones in anger, jumped up from her desk, ran at the

---

[1]The Court also notes Defendant's argument that the Court should decline to exercise supplemental jurisdiction over any CEPA claim when all other federal causes of action have been dismissed. (See Pl. Reply at 3.) However, in the Defendant's own Notice of Removal, it states that the basis for subject matter jurisdiction is not only federal question jurisdiction, but also diversity jurisdiction. Therefore, even though all other causes of action will be dismissed, the Court presumably may retain subject matter jurisdiction over a CEPA claim on the basis of diversity, if the Plaintiff files an Amended Complaint.

plaintiff colliding with him at the door.  She grabbed his forearm and in a vicious manner, yanked his hand from the door knob" and apparently yelled "Don't you leave my office!". (See D.E. # 10, at 9.)  Blevins goes on to state "[t]his is a direct and intentional case of assault and battery, on the job site by a member of upper management." (See D.E. # 10, at 9.)

In response, the Defendant argues that these assault and battery charges are criminal in nature, and thus, are not properly before the Court in this matter.  Nevertheless, in addition to criminal battery, there is also a common-law tort of battery.  Common-law battery is an intentional tort involving the harmful or offensive touching of a plaintiff's person without his consent. Caldwell v. KFC Corp., 958 F. Supp. 962, 970 (D.N.J. 1997).  Here, the Plaintiff apparently seeks to hold SEW vicariously liable for Ms. Jones alleged battery, as Ms. Jones is not a named Defendant in this lawsuit.

However, an employer may only be held vicariously liable for an employee's intentional torts insofar as those torts fall within the scope of the employee's employment. Id. (citing Abbamont v. Piscataway Twp. Bd. of Educ., 650 A.2d 958, 965 (N.J. 1994)). In the present case, the Plaintiff cannot demonstrate that Ms. Jones' alleged offensive touching was "reasonably connected with her employment and so within its scope."  See Abbamont, 650 A.2d at 965.  Ms. Jones alleged conduct is not in any way designed to serve a business purpose of SEW, nor was it something to be expected to arise out of Ms. Jones' employment as an Administrative Manager. Cf. Id. (citing W. Page Keeton et al., Prosser & Keeton on the Law of Torts § 9, at 505-506 (5th ed. 1984) (discussing vicarious liability for the intentional torts of bouncers and security guards)).  Therefore, SEW cannot be vicariously liable for Ms. Jones alleged battery.  The Court will thus grant SEW's motion to dismiss Plaintiff's intentional tort claims against SEW for failure to state a claim upon which relief can be granted.

**IV. CONCLUSION**

  For the foregoing reasons, this Court will grant in part and deny in part the Defendant's motion to dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). The accompanying Order shall issue today.

Dated:   4-25-06                  s/ Robert B. Kugler
                         ROBERT B. KUGLER
                         United States District Judge